UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AURELIA SANTIAGO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:13-cv-01853-WWE |
| | : | |
| BARNES GROUP INC., | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Aurelia Santiago alleges that defendant Barnes Group Inc. distributed retirement benefits to her then husband, Francisco C. Colon, without first obtaining her consent, in violation of the Employment and Retirement Security Act ("ERISA").

Defendant has moved for judgment on the pleadings. Defendant argues that plaintiff failed to exhaust her administrative remedies - a prerequisite to the filing of the instant lawsuit. Alternatively, defendant argues that, as a matter of law, the distribution to plaintiff's husband did not require her consent. For the following reasons, defendant's motion for judgment on the pleadings will be granted.

## DISCUSSION

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In deciding a Rule 12(c) motion, a court employs the same standard applicable to dismissals pursuant to Rule 12(b)(6). L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). Accordingly, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon

which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Exhaustion of Administrative Remedies**

"It is well-established in the Second Circuit that, before bringing a claim under ERISA, a plaintiff must exhaust his administrative remedies." MacLennan v. Provident Life & Acc. Ins. Co., 676 F. Supp. 2d 57, 62 (D. Conn. 2009).  Defendant argues that plaintiff's claims are barred because she failed to exhaust her administrative remedies before filing the instant lawsuit. Plaintiff responds that failure to exhaust should be excused where, as here, plaintiff could reasonably conclude that she did not have to exhaust her administrative remedies or had in fact pursued all the avenues available to her.  Indeed, "plan participants will not be required to exhaust administrative remedies where they reasonably interpret the plan terms not to require exhaustion and do not exhaust their administrative remedies as a result." Kirkendall v. Halliburton, Inc., 707 F.3d 173, 181 (2d Cir. 2013).

Nevertheless, this exception to the general exhaustion requirement is based on the idea that benefits plan descriptions should clearly inform participants of their rights and obligations with respect to exhaustion requirements.  Id. at 180.  In Kirkendall, the plaintiffs did not seek to file a claim, but rather, sought advisory opinions on the effects of early retirement.  Id. at 179-80. "It [was] unclear, therefore, whether Kirkendall's inquiry as to the amount of her benefits in the event of a future, hypothetical event was a 'benefit claim' within the meaning of the Plan such that it would be governed by the Article III Claims Procedures [and require exhaustion of

administrative remedies]."  Id. at 180.  There, the Second Circuit found guidance from an Eleventh Circuit decision, which held that "[i]f a plan claimant reasonably interprets the relevant statements in the summary plan description as permitting her to file a lawsuit without exhausting her administrative remedies, and as a result she fails to exhaust those remedies, she is not barred by the court-made exhaustion requirement from pursuing her claim in court."  Watts v. BellSouth Telecomms., Inc., 316 F.3d 1203, 1209-10 (11th Cir. 2003).

Here, there is no ambiguity in defendant's Savings Plan description.  The summary plan description/prospectus provides:

> **What are the procedures for filing a claim under the Savings Plan?**
>
> Applications for benefits under the Savings Plan should be filed with the Benefits Committee . . .  If you believe you are being denied any rights or benefits under the Savings Plan, you (or your duly authorized representative) may file a claim in writing with the Benefits Committee.  If the claim is denied, in whole or in part, the Benefits Committee will notify you in writing, giving the specific reasons for the decision, including specific reference to the pertinent Savings Plan provisions and a description of any additional material or information necessary to perfect the claim and an explanation of why such material or information is necessary.  The notice will also include a description of the Savings Plan's review procedures, including a statement of your rights under ERISA to bring a civil action if your claim is denied upon review.  The Benefits Committee will notify you of its decision within 90 days after it receives the claim . . .  At this time, you may request a review of the denial of the claim.
>
> A request for review must be made in writing by you or your duly authorized representative to the Benefits Committee within 60 days after you receive the notice of denial.  As part of this request, you (or your duly authorized representative) may submit written issues and comments to the Benefits Committee, review or request (free of charge) copies of relevant documents, records, and information, and request a hearing.  The Benefits Committee's decision will be made in writing within 60 days . . . after the request has been received.  If your claim is again denied on review, the decision will inform you of the specific reasons for the denial and will include references to the pertinent Savings Plan provisions.  The decision will also advise you of your rights to review or request (free of charge) copies of relevant documents, records and other information and your rights under ERISA to bring a civil action with respect to the denial of your claim.

The plan description informs participants of their right to bring a civil action if a claim is denied upon review; yet after plaintiff's claim was denied, she did not request a review of the denial from the Benefits Committee. Generally, "claimants must pursue all administrative remedies provided by their plan pursuant to statute, which includes carrier review in the event benefits are denied." Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F. 3d 506, 511 (2d Cir. 2002). Plaintiff has asserted no other defenses to the exhaustion requirement. Accordingly, defendant's motion for judgment on the pleadings will be granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is GRANTED. The clerk is instructed to close this case.

Dated this 27th day of April, 2015, at Bridgeport, Connecticut

                                    /s/Warren W. Eginton
                                  WARREN W. EGINTON
                                  SENIOR UNITED STATES DISTRICT JUDGE